IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DARRELL WIMBERLY,                    )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )        CIVIL ACTION NO. 3:13-CV-844-TMH
                                     )                    [WO]
                                     )
CHARLES EUGENE NESMITH, et al.,      )
                                     )
          Defendants.                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by

Darrell Wimberly ["Wimberly"], a pre-trial detainee currently incarcerated at the Lee

County Detention Center, on November 9, 2013.[1]  In this complaint, Wimberly challenges

his arrest by officers of the Auburn Police Department on June 13, 2011.[2]  Wimberly also

complains that his indictment for second degree assault arising from such arrest constitutes

double jeopardy as the District Court of Lee County, Alabama reduced this charge at the

preliminary hearing to third degree assault.  Wimberly names Steven T. Sparkman, the Lee

---

[1] Although the Clerk of this court stamped the complaint "received" on November 18, 2013, it is clear that Wimberly presented the complaint to prison officials for mailing prior to this date.  A review of the pleadings indicates that financial information submitted by Wimberly simultaneously with the complaint was retrieved on November 9, 2013. *Doc. No. 2* at 1.  The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  It is clear from the foregoing that the earliest date Wimberly could have submitted the complaint and supporting documents to prison officials for mailing was November 9, 2013.  Thus, the court considers November 9, 2013 as the date of filing.

[2] The complaint indicates that this arrest is related to an alleged assault committed by Wimberly.

County District Judge who presided over his preliminary hearing on the assault charge, Jay Jones, the Sheriff of Lee County, Jacob A. Walker, III, a circuit judge for Lee County, Robert Thomas Treese, III, the District Attorney for Lee County, Lakisha Allen Abercrombie, an assistant district attorney, and Charles Eugene Nesmith, Garth Ellenbe and Michael Murph, officers with the Auburn Police Department, as defendants in this cause of action.[3]  Wimberly seeks declaratory relief and monetary damages from the defendants for the alleged violations of his constitutional rights.  *Id.* at 4.

Upon review of the complaint, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[4]

## II.  DISCUSSION

### A.  Statute of Limitations

Wimberly challenges the constitutionality of his arrest on June 13, 2011.  It is clear from the face of the complaint that the claims presented by Wimberly with respect to his arrest are barred by the statute of limitations relevant to a 42 U.S.C. § 1983  action filed in this court.

All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the

---

[3]The court notes that Wimberly lists the district attorney and assistant district attorney by their last names followed by their first and middle names, i.e., Treese, Robert Thomas, III, and Abercrombie, Lakisha Allen.

[4]The court entered an order granting Wimberly leave to proceed *in forma pauperis* in this case.  *Order of November 19, 2013 - Doc. No. 3*.  This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

§ 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The arrest about which Wimberly complains occurred on June 13, 2011. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Wimberly from application of the time bar.[5] Thus, the statute of limitations began to run on the claims related to the challenged arrest on June 14, 2011.[6] The limitation period ran uninterrupted until it expired on June 14, 2013. As previously noted, Wimberly filed the instant complaint on November 9, 2013. This filing therfore occurred over four months *after* expiration of the period of limitation.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court

---

[5] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The complaint demonstrates Wimberly was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[6] In computing the period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

3

sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Wimberly has no legal basis on which to proceed regarding the validity of his arrest in June of 2011 as he filed this cause of action more than two years after this arrest occurred. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitation expired on June 14, 2013, over four months prior to Wimberly filing the instant complaint. In light of the foregoing, the court concludes that Wimberly's claims

arising from a purported unconstitutional arrest in June of 2011 are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[7]

### B.  District Judge Speakman and Circuit Judge Walker

Wimberly asserts that Judge Speakman violated his constitutional rights when Speakman permitted the assault charge to go to the grand jury for consideration which resulted in an indictment for second degree assault despite finding a lack of evidence to support such a charge during the preliminary hearing.[8]  Wimberly presents no specific claims against Judge Walker but it appears that Walker is the judge presiding over the criminal charge currently pending against Wimberly for assault.  The claims against Judge Speakman and Judge Walker entitle Wimberly to no relief in this cause of action.

1.  <u>The Request for Monetary Damages</u>.  All of the allegations made by Wimberly relate to actions of these defendants in their judicial capacity during state court proceedings over which they had/have jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward*

---

[7]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

[8]Wimberly asserts that he has not yet been prosecuted on the assault charge.

*County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against the defendant state judges are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke*, 490 U.S. at 327.

2. Non-Final Orders. To the extent Wimberly seeks relief from adverse decisions or actions of a state court which are not yet final, he is entitled to no relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Wimberly could appeal any non-final order issued or action taken by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Wimberly to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Thus, any claim challenging a non-final order issued or action taken by either the district or circuit courts of Lee County, Alabama is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B) (ii).

3. Final Orders. To the extent Wimberly seeks declaratory and/or injunctive relief from orders issued by a state court which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42

U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Wimberly from proceeding before this court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any requests seeking

relief from orders issued or actions taken by Judge Speakman and Judge Walker in any criminal case involving Wimberly is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

### C.  District Attorney Treese and Assistant District Attorney Abercrombie

Wimberly challenges the constitutionality of actions undertaken by District Attorney Robert Treese and Assistant District Attorney Lakisha Abercrombie regarding criminal proceedings initiated against him.  It appears to the court that Wimberly challenges the validity of his indictment on a charge of second degree assault and the pendency of such charge before the Circuit Court of Lee County, Alabama.  Wimberly, however, is not entitled to any relief from these defendants in the instant case.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)."  *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages....  [T]he purpose of the immunity is to shield

8

> officials from the distractions of litigation arising from the
> performance of their official functions.  To fulfill its purpose,
> official immunity protects government officials not only from
> having to stand trial, but also from having to bear the other
> burdens attendant to litigation, including pretrial discovery....
> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d
> 128 (1976), the Supreme Court held that a prosecutor is
> absolutely immune from civil suit for damages under section
> 1983 for actions taken "in initiating a prosecution and in
> presenting the State's case."  *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11ᵗʰ Cir. 1988).

The actions of defendants Treese and Abercrombie relate to roles each of these defendants undertake "as an 'advocate' for the state" in proceedings associated with criminal charges presented against the plaintiff.  *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11ᵗʰ Cir. 1998) (citations omitted).  These defendants are therefore "entitled to absolute immunity for that conduct."  *Id.*  Thus, Wimberly's request for damages against defendants Treese and Abercrombie is subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).  *See Neitzke*, 490 U.S. at 327.  Wimberly's request for declaratory relief with respect to the pending criminal charge is addressed below.

### D.  Pending Criminal Charge

To the extent that Wimberly challenges the constitutionality of the second degree assault charge pending against him before the state court and his confinement pursuant to this charge, he is entitled to no relief in this cause of action.  Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the

moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, the plaintiff has an adequate remedy at law because he may pursue any federal constitutional issues through remedies available in the state court system during the on-going state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that the plaintiff must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of Wimberly's claims for relief related to the criminal charge pending against him and dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenge to the constitutionality of his arrest in June of 2011 be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

2. The plaintiff's request for monetary damages against defendants Speakman,

Walker, Treese and Abercrombie be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

3.  The plaintiff's claims for declaratory and injunctive relief against defendants Speakman and Walker arising from orders issued in criminal proceedings before the state courts of Lee County, Alabama be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

4.  The plaintiff's challenges to the criminal charge pending against him before the Circuit Court of Lee County, Alabama be dismissed without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

5.  This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before December 11, 2013 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

11

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of November, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE